# JANUARY TERM, 1893.*

WILLARD J. TURNER, PROSECUTING ATTORNEY, v. ALBERT DICKERMAN, CIRCUIT JUDGE OF MUSKEGON COUNTY.

|  |  |
|---|---|
| 95 | 1 |
| 100 | 560 |

|  |  |
|---|---|
| 95 | 1 |
| s54NW | 705 |
| 129 | 610 |

*Taxes—Failure of supervisor to require statement of taxable property—Information.*

1. The provision of section 12 of the tax law of 1891, making it the duty of each supervisor to require every person of full age and sound mind in his township to make, subscribe, and verify a statement of the taxable property owned by him or held by him for the use of another, is mandatory.

2. The supervisor need not visit personally such persons, and demand the making and verifying of said statements; the statute being complied with if he mails to them, as far as known to him, blank statements, with a notice to appear before him and verify the same.

3. Whether a failure on the part of the supervisor and persons named to furnish said statements will affect the validity of the tax roll, *quaere.*

4. An averment, in an information filed against a supervisor for failing to require a certain person to make and verify said statement, that he neglected to deliver such statement to the township clerk, is surplusage.

*Mandamus.* Argued January 10, 1893. Granted March 10, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order quashing an information. The facts are stated in the opinion.

---

* Continued from Vol. 94.

*Willard J. Turner,* in *pro. per.* (*DeLong & O'Hara,* of counsel), for relator.

*Brown & Lovelace,* for respondent.

PER CURIAM.    The relator prays for the writ of *mandamus* to compel the respondent to vacate an order quashing an information filed against a supervisor charging him with willful neglect of duty, under Act No. 200, Laws of 1891.    Sections 12, 14, and 103 are the only ones bearing upon the issue, and are as follows:

"SEC. 12. It shall be the duty of each supervisor or assessing officer, as soon as possible after entering upon the duties of his office, to ascertain the taxable property of his assessing district, and the persons to whom it should be assessed, and their residences.    For this purpose he shall require every person of full age and sound mind to make and subscribe to a true and correct written statement, under oath, administered by such supervisor or assessing officer, of all the taxable property of such person, firm, or corporation, whether owned by him or it, or held for the use of another; and it shall be the duty of every such person, firm, or corporation, to make such statement, under the following form of oath, duly administered by the supervisor or assessing officer:

"STATE OF MICHIGAN, } ss.
    County of ——,      }

" ——, being duly sworn, deposes and says that the above is a full and true statement of all the taxable property owned by him liable to assessment in this assessing district. ————————————

" Dated this —— day of ——, A. D. 189-.

"Subscribed and sworn to before me this —— day of ——, A. D. 189-.

"———— Supervisor.

" The Auditor General is required to prepare and distribute to the county treasurers blanks for such statements.    These blanks shall be furnished by the county treasurer to the supervisors or assessing officers, and each supervisor or assessing officer is authorized to add to such blank any questions he may deem necessary.    These statements shall show whether such property is owned by the person making the statement or held for the use of another, and, if the latter, in what capacity it is held. They shall show the indebtedness of any person so far as he wishes a deduction from his credits on account of such indebtedness.    The cashier of every bank shall, on the second Monday of April in each year, file in the office of the county clerk of the county where the bank is located a statement of all real estate held by the bank,

and its value, a list of the names of the stockholders, the amount of stock held by each, and their respective residences.    The statement aforesaid shall show the facts as they exist on the second Monday of April of the year when made.    Immediately after the filing of such statement the county clerk shall notify the supervisor or assessing officer of each township of the name of each person, if any, residing in his township, holding shares of stock in any such bank, and of the amount thereof as shown by such statement.    All property shall be assessed as of the second Monday of April.    On the day next succeeding the completion of the review of the assessment roll, as hereinafter provided, the supervisor shall deliver all such written statements by him obtained under the provisions of this act to the township clerk of the township of which he is supervisor, and such township clerk shall safely keep the same in his office, open to public inspection, for three years from the time of such delivery to him."

"SEC. 14.    In every case when any person shall willfully neglect or refuse to make out and deliver a true and correct sworn statement, under oath, administered by the supervisor or assessing officer, as required by this act, said person shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be subject to a fine of one hundred dollars or thirty days in the county jail, or by both such fine and imprisonment, in the discretion of the court.    If the supervisor or assessing [office] officer shall be satisfied that any statement so made is incorrect, or if by reason of absence or other sufficient cause said sworn statement cannot be obtained from the person whose property is to be assessed, said supervisor or assessing officer is hereby authorized and required to examine on oath any other person or persons whom he may have good reason to believe, and does believe, has knowledge of the amount or value of any property owned or held by such person so neglecting or refusing or omitting to be examined or to furnish a statement; and such supervisor or assessing officer is hereby authorized to set down and assess to such person so entitled to be assessed such amount of personal property as he may deem just."

"SEC. 103.    Any officer who shall willfully neglect or refuse to perform any of the duties imposed upon him by this act shall, when no other provision is made herein, be guilty of a misdemeanor, and, on conviction thereof, shall be punished by imprisonment in the county jail not exceeding one year, or by a fine not exceeding five hundred dollars, in the discretion of the court, and shall be liable to any person injured thereby to the full extent of the injury sustained."

The information was quashed upon the ground that the

requirement of the statute in section 12 is directory, and not mandatory.

It is urged by the respondent that the provision is directory merely, on account of the impracticability of its complete performance by the supervisor, and that it was the intent of the Legislature to provide the supervisor with the means of compelling tax-payers to disclose their taxable property, and not to punish him for the non-performance of an act which, in many instances, would be utterly useless.

We cannot concur with this view. Language more expressive of an imperative duty upon an officer cannot well be imagined. The object of the statute is to compel every person to disclose, under oath, the property he possesses subject to taxation, and it imposes upon such person a serious penalty for neglect to do so. If this were done, it would obviously lead to more just and equal taxation.

It would not be proper in this proceeding to determine what methods should be adopted by the supervisor in order to comply with the law. We may, however, safely say that the statute does not require him to visit personally each person within his district, and demand the execution of the affidavit, but that mailing to the persons mentioned in the statute, so far as they are known to him, the blanks furnished by the Auditor General, with a notification that they must comply therewith, and to appear before him for that purpose, would fulfill the requirement. It cannot be said that this is impossible or impracticable of performance in townships, where changes in population are few, and the supervisor is generally acquainted with the inhabitants. The willful neglect of this duty must depend very largely upon the circumstances of each case, and the facts showing good faith on the part of the assessor.

Failure to comply with this provision, both on the part of the assessor and of persons to furnish the statement, may not affect the validity of the tax roll; and, even if in this respect the statute be held not mandatory, still the assessor will not for that reason be relieved from the performance of the duty imposed upon him. End. Interp. Stat. § 440; *Case v. Dean,* 16 Mich. 12; *State v. Hunter,* 8 Blackf. 212. Section 103 imposes a penalty for any willful neglect or refusal to perform any of the duties imposed upon him by the act, while section 12, in unequivocal language, imposes the duty.

It is also insisted that the information charges two offenses in one count. The charge that he neglected to deliver such statement to the township clerk must be treated as surplusage under the information. The supervisor could not be convicted of neglect to file a statement which he had never received, and the information alleges that he never received it.

The writ must be granted, but without costs.