## John A. Thompson v. George Price.

*Malicious prosecution—Termination of criminal proceeding—Probable cause—Evidence—Advice of prosecuting attorney.*

1. The defendant in a suit for malicious prosecution assigned as error the failure of the plaintiff to show a determination of the criminal case, for the reason that a writ of *mandamus* requiring its reinstatement after the information had been quashed had not been formally served on the circuit judge when the prosecuting attorney entered a *nolle prosequi*. And it is held that the plaintiff was in no way responsible for the non-service of the writ; that he could not compel the prosecuting attorney to file it, and if that officer saw fit to waive its service, and enter the *nolle prosequi*, after obtaining leave of the court, the case could not again be revived.

2. The supervisor of a township was arrested on the charge of having willfully neglected to require from a resident tax-payer a statement of his taxable property, and after the determination of the case he sued the complaining witness for malicious prosecution. The only witness, aside from the plaintiff, who positively knew whether the plaintiff had endeavored to procure such a statement, was the tax-payer himself, and he testified that he had no recollection of having had any conversation with the defendant, prior to the arrest of the plaintiff, relative to plaintiff's having left a statement with him to make out, and that he did not think that he had such a conversation. The defendant offered testimony tending to show that the tax-payer had stated to one Knowles that he was not required by plaintiff to furnish the statement. And it is held that it was at least a question for the jury as to whether the defendant was justified in making the complaint without making inquiry, direct, of the only person other than the plaintiff who was cognizant of the facts.

3. The defendant testified that he talked with the tax-payer upon the subject, and was informed that the plaintiff did not ask for any statement of the tax-payer's taxable property, and that he communicated this fact to the prosecuting attorney. And it is held that, if this was true, it was the most important fact which was stated to the prosecuting attorney to form a basis for his judgment; that, the tax-payer having testified that, according to his recollection, he never made any such statement to the defendant prior to the arrest of the plaintiff, it would follow, if the jury accepted this testimony, that the defendant did not fairly disclose the facts, and only the facts, within his knowledge, to the prosecuting attorney, and that it was a question for the jury as to whether he did or did not.[1]

Error to Muskegon. (Dickerman, J.) Argued April 5, 1894. Decided June 2, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Nelson DeLong* and *James O'Hara,* for appellant.

*Brown & Lovelace,* for plaintiff.

---

[1] For cases bearing upon the *effect* of legal advice as a defense in an action for malicious prosecution, see *Harris v. Woodford,* 98 Mich. 147, and note, and *Govaski v. Downey,* 100 Mich. 429.

Montgomery, J. This is a suit for malicious prosecution, in which the plaintiff recovered, and defendant brings error.

The plaintiff was supervisor of the township of Ravenna in the year 1892. The defendant, in the month of December, 1892, caused the arrest of plaintiff on the charge of having willfully neglected the duty of requiring of one Albro Enos, a resident tax-payer, a statement of the taxable property owned by him, and subject to assessment in the township. An information was filed in the criminal proceedings, and was, on motion, quashed by the circuit court, on the ground that the statute imposing the duty of requiring such statements from tax-payers was not mandatory, but directory. A writ of *mandamus*, requiring a reinstatement of the cause, was granted by this Court. The proceeding is reported under the title of *Turner v. Muskegon Circuit Judge*, in 95 Mich. 1. After the granting of this order the prosecuting attorney filed reasons in the circuit court for entering a *nolle prosequi*, and such an order was entered.

The record contains 42 assignments of error,—more, by far, than should ever have been incorporated. Many of the assignments are now abandoned, and the discussion will be confined to those which we think merit attention. While all the questions relied upon in the brief of counsel have been examined, it is sufficient to say, as to those not discussed, that we think there was no error which prejudiced the rights of the defendant.

1. It is insisted that the plaintiff failed to show a determination of the criminal prosecution, for the reason that the writ of *mandamus* requiring the reinstatement of the cause at the circuit had not in fact been served on the circuit judge when the *nolle prosequi* was entered. This omission the plaintiff in the present case was in no way responsible for. He could not compel the prosecutor to

file this writ, and if the prosecutor saw fit to waive the service, and enter the *nolle prosequi*, after obtaining the leave of the court, we think it altogether clear that the case could not again be revived. It would not lie with the prosecution to set up their own omission to formally file the writ of *mandamus* as a reason for nullifying the act of the prosecutor in discontinuing the case.

2. It is contended that the plaintiff did not establish a want of probable cause. But unless the defendant showed conclusively that probable cause existed, by the advice of the prosecuting attorney (a question which we will discuss later), we think there was testimony from which the jury could find that no probable cause existed. The only witness, aside from the plaintiff, who positively knew whether the plaintiff had endeavored to procure a statement from Mr. Enos, was Mr. Enos himself. Mr. Enos swears that he has no recollection of having had any conversation with the defendant, previous to the arrest of Mr. Thompson, relative to Mr. Thompson's having left a statement with him (Enos) to make out, and that he does not think that he did have such a conversation. It is true, the defendant offered testimony tending to show that Enos had stated to one Knowles that he was not required by plaintiff to furnish a statement, but it was at least a question for the jury as to whether the defendant was justified in making the complaint without making inquiry, direct, of the only person who was cognizant of the facts.

3. But the defendant contends that the testimony, as a whole, shows that the plaintiff was in fact guilty of the willful neglect of duty. After a careful examination of the record, we are convinced that the testimony falls far short of establishing this fact conclusively. The testimony shows that a blank was presented to Mr. Enos, with a request that he make out a list of his taxable property;

100 MICH.—36.

and, while it is true that the record does not show as much persistence in the demand as some officers might have shown, it was certainly sufficient to justify the jury in finding that there was an honest effort on the part of the plaintiff to perform his duty in that regard, and that there was no willful neglect of duty. See *Turner v. Muskegon Circuit Judge, supra.*

4. Was the defendant justified by the advice of the prosecuting attorney? The circuit judge charged the jury, in effect, that if the defendant stated all the facts to the prosecuting attorney, and acted on his advice in making the complaint, this was a complete defense. This instruction embodied the law. But it is insisted that there was no dispute about the fact that the defendant did fully disclose and truthfully state all the facts to the prosecuting attorney. But the testimony of the defendant is that he talked with Mr. Enos upon the subject, and that Mr. Enos told him that plaintiff did not ask for any statement of his (Enos') taxable property, and the defendant testifies that he communicated this to the prosecuting attorney. If this was true, it was the most important fact which was stated to the prosecutor to form a basis for his judgment. But, as before stated, Mr. Enos testified that, according to his recollection, he never made any such statement to the defendant prior to the arrest of plaintiff. If the jury accepted the statement of Mr. Enos, it would follow that the defendant did not fairly disclose the facts, and only the facts, within his knowledge, to the prosecuting attorney; and it was a question for the jury as to whether he did or did not.

We are satisfied that the defendant has had a fair trial of his cause, and the judgment will be affirmed, with costs.

The other Justices concurred.