LANSKY *v.* PRETTYMAN. [1]

1. MALICIOUS PROSECUTION—FALSE IMPRISONMENT—EVIDENCE.

Allowing defendant, in an action for false imprisonment and malicious prosecution, to show by plaintiff, on cross-examination, that he knew a certain deputy sheriff, other than the one who made the arrest, and had been to his office a couple of times, was not prejudicial, as conveying the impression that plaintiff was a violator of the law, and as such frequently came in contact with officers.

2. SAME—ACCOMPLICE.

Where plaintiff denies acquaintance with a person arrested with him for the same crime, evidence that after plaintiff's discharge he sent articles of clothing to the supposed accomplice while in jail is admissible.

3. SAME—PROBABLE CAUSE—ADVICE OF COUNSEL—EVIDENCE.

Defendant should not be permitted to testify that he stated all the facts to the prosecuting attorney, but should state what he told the attorney, that the jury might determine whether all the facts were so stated.

4. SAME—HARMLESS ERROR.

Error in allowing defendant to testify that he stated all the facts to the prosecuting attorney is harmless where the undisputed facts show probable cause irrespective of legal advice.

5. SAME—ASSAULT AND BATTERY—INSTRUCTIONS.

A request to charge, predicated on an admission by defendant of the assault and imprisonment that is not sustained by the record, is properly refused.

6. SAME.

An instruction in a case of assault and battery, false imprisonment, and malicious prosecution, examined, and *held*, to refer to the issue of malicious prosecution, and, as so understood, not objectionable as placing the burden on plaintiff to prove lack of justification for the imprisonment as well as absence of probable cause for making the criminal complaint.

---

[1] Rehearing denied October 2, 1905.

Error to Washtenaw; Kinne, J.   Submitted February 7, 1905.   (Docket No. 97.)   Decided May 12, 1905.

Case by William Lansky against Horace G. Prettyman for an assault and battery, false imprisonment, and malicious prosecution.   There was judgment for defendant, and plaintiff brings error.   Affirmed.

*Frank A. Stivers* (*Bernard B. Selling*, of counsel), for appellant.

*Thomas D. Kearney*, for appellee.

BLAIR, J.   The plaintiff commenced suit against the defendant in the Washtenaw circuit court by filing a declaration alleging, as the basis of recovery, assault and battery, false imprisonment, and malicious prosecution.   The defendant at the time of the occurrences which gave rise to the action was engaged in conducting a boarding house at Ann Arbor, and had in his employ a man by the name of Van Kaul.   Shortly prior to the arrest of plaintiff, defendant missed certain provisions, which the cook told him had been stolen by Van Kaul, and that Van Kaul had endeavored to induce him (the cook) to assist him in stealing provisions and selling them to a junk dealer who kept a grocery store in Lower Town.   On the evening of June 19th, 1903, defendant discovered that Van Kaul had stolen some sugar and eggs, and had driven away with them with defendant's horse and wagon.   Defendant summoned a deputy sheriff, with whom he had previously made arrangements, and they started in pursuit of Van Kaul.   They met Van Kaul in Lower Town, near plaintiff's place, on the way back, and arrested him, whereupon he told them that he had taken the eggs and sugar to plaintiff, and had sold them to him, as he had done on several previous occasions.   Van Kaul went with defendant and the officer to plaintiff's place, where he carried on the junk and grocery business, and pointed out plaintiff as the man to whom he

had made the sales referred to, whereupon the officer arrested plaintiff without a warrant.

The parties are in irreconcilable conflict as to what occurred at plaintiff's place of business. The plaintiff claimed that an unnecessary and brutal assault was made upon him by the defendant, under whose directions the officer acted, and that he was exposed to needless indignities and humiliation in the course of the arrest, and detained in jail beyond reason before he was afforded an opportunity to give bail or to have an examination. The defendant contended that the circumstances attending the arrest were proper, and such as were made necessary by plaintiff's resistance, and that, in all that he did in making the arrest and conveying plaintiff to jail, he was acting under the directions and commands of the officer, and that in making the complaint he was acting under the directions and advice of the prosecuting attorney.

Plaintiff and Van Kaul were taken to the jail and locked up. During the night Van Kaul made a voluntary statement before a justice of the peace as follows:

"He took the brass into the brick building. I didn't get out of the wagon at that same time. He said, if I had any butter, sugar, soap, or other groceries that I could bring down, to bring it right along. When I first saw him he said I better bring it at night, when it was dark. I told him the night I took the brass that I would bring him some butter and sugar. He said to bring it as soon as I could. It was a week or so—I don't know how long, but quite a while—before I took the sugar. It was pulverized sugar. I took him a jar of butter. It was about 20 pounds of butter. The jar was gray, and weighed $9\frac{1}{2}$ pounds, marked on the bottom. The sugar was about 25 pounds. I emptied it out of one sack into another. Lansky saw me stop in front, and he pointed me to go around. Then I went round the corner. Lansky came out to the wagon and took the stuff out, and into the back yard. He came out and gave me $1.50. I did not get out of the rig. He brought out the money. He asked me when I would come the next time. I asked him what he wanted. He said some eggs and granulated sugar. I told him I could not bring sugar next time, as

we had but little on hand. The next thing I took was butter and eggs. It was a low, wide jar of butter, colored gray; and a little less than 3 dozen eggs. I went to the back, as before. Lansky gave me $2 for the stuff. There was a piece of paper and a string around it. I asked him if this was all he wanted, and he said: 'No, if you have any more, bring it down. I'll take all you can get.' The next things I took was tonight, June 19th. I took to Lansky about 40 pounds of granulated sugar in a sugar bag, and also 4 dozen eggs in a little pail. Prettyman's pail. Tin pail. He came out and took them out of the wagon. I said that was the last I could bring. Prettyman had shut down. He took the stuff in the back way. Tonight he paid me three halves and one quarter.

"FRED VAN KAUL.

"Subscribed and sworn to before me on this 19th day of June, 1903.

"ANDREW E. GIBSON,
"Justice of Peace."

On the next day, June 20, 1903, a formal complaint against plaintiff and Van Kaul for larceny in a dwelling house in the day time was made by defendant under the direction of the prosecuting attorney, a warrant issued, the parties arraigned, and plaintiff released on bail. Van Kaul was tried and convicted, and sentenced to State prison for five years. Van Kaul having refused to testify against him, plaintiff was discharged at his examination, by order of the prosecuting attorney, and commenced this suit. The case was tried by a jury, and resulted in a verdict and judgment for defendant, to reverse which plaintiff prosecutes this writ of error.

Plaintiff's counsel relies in his brief, for reversible errors, upon the rulings of the court in admitting certain testimony, in giving certain instructions, and refusing to give certain requests to charge.

It is contended that the court erred in permitting the defendant to show by the cross-examination of plaintiff that he knew Deputy Sheriff Gillen, who was not the officer who made the arrest, since the purpose must have been "to give the jury the impression that the plaintiff was a

man who came frequently in contact with the officers of the law, as a violator of the law." There was nothing in the answers of plaintiff, that he knew Mr. Gillen, and had been to his office a couple of times, to justify any unfavorable impression, and we do not see how the answers could have prejudiced plaintiff in any way.

Plaintiff also complains that the court erred in permitting defendant to show that after plaintiff's discharge he sent underclothing to Van Kaul at the jail. The relations between plaintiff and Van Kaul were of great importance to a correct determination of the issue before the jury. Plaintiff had testified that at the time of his arrest Van Kaul was a total stranger to him, with whom he had had no dealings whatever, and any testimony which legitimately bore upon this question was proper. We cannot say that the fact of his making presents to Van Kaul had no relevancy to this question. Its probative force may have been slight, but we think it was material and relevant in some degree, and was properly received.

The only other assignment of error upon this branch of the case questions the ruling of the court in permitting the defendant to testify that he had stated to the prosecuting attorney all of the facts about the case that he knew, without actually making any statement of such facts. The record, as to this question, is as follows:

" Q. Did you state to the prosecuting attorney all the facts that you knew in reference to this case ?

" Mr. Selling: I think that what he stated to the prosecuting attorney might be proper, but whether he stated all is not proper.

" A. I stated practically what I knew.

" Mr. Selling: That is another conclusion. I make the same objection to it.

" The Court: It seems to me that he would have the right to state whether he told the prosecuting attorney all the facts. I think it would be a fact whether he retained all the facts in his own mind, or whether he retained some things. (Exception for plaintiff.)

" Q. Did you state all the facts that you knew in rela-

tion to this case both for and against Mr. Lansky and Van Kaul ?

" *A.* I gave him the facts that I knew.

" *Q.* Did you give him all the facts you knew ?

" *A.* I certainly did. I told him everything I knew about the case from the beginning."

We think the plaintiff's objection should have been sustained.

" It is a well-established rule of law that the advice and concurrence of a public prosecutor is not a good defense to an action for malicious prosecution unless it appears that the defendant fully and fairly disclosed to such officer everything within defendant's knowledge which would tend to cause or to exclude belief in plaintiff's guilt, and whether the defendant did make a full and fair disclosure to the district attorney was a matter for the jury to determine, and not for the trial court or this court." *Webster* v. *Fowler,* 89 Mich 303.   *Govaski* v. *Downey,* 100 Mich. 429; *Thompson* v. *Price,* 100 Mich. 558.

" The defendant should show what facts were stated to counsel, in order that it may be determined whether a full and fair disclosure was made." 19 Am. & Eng. Enc. Law (2d Ed.), p. 687, and cases cited in note 5.

This precise question arose in *Whitfield* v. *Westbrook,* 40 Miss. 311, from which we quote as follows:

" The first assignment is in reference to the testimony of the witness Howell. He was asked by counsel for plaintiff in error whether he stated all the facts in his knowledge, at the time he consulted counsel in reference to the prosecution out of which this suit originated, and asked his advice in relation thereto. This question was objected to by counsel for defendant in error on the ground that it was not competent for the witness to say that he told his counsel 'all the facts,' but that he should state 'what he did tell' him. This objection was sustained, and we think correctly. The object of the testimony on the part of plaintiff in error was to show probable cause, and to rebut the idea of malice, by showing that he had consulted counsel learned in the law before instituting the prosecution; and the force of this testimony could only be ascertained by the truthfulness as well as the full disclosure of the facts upon which counsel is supposed to have founded his judgment. To allow the witness to state sim-

ply that he 'stated all the facts in his knowledge,' instead of stating what facts he communicated to his counsel, would have enabled the witness, who was a party defendant to the action, to evade the real questions upon which this matter of defense rested."

We do not think, however, that the judgment should be reversed for this error, since, in our opinion, the undisputed facts of the case clearly establish probable cause for the making of the criminal complaint by defendant, regardless of the advice of the prosecuting attorney.

Upon the question of the burden of proof the plaintiff presented the following request to charge:

" When the plaintiff in this case proved the assault and battery upon him, and his imprisonment, both the assault and battery and imprisonment being admitted by the said defendant, he has shown all that the law requires him to show, and he is entitled to damages at your hands for said assault and battery and imprisonment; and it is presumed that said assault and battery was unlawful, and said imprisonment illegal, unless the defendant convinces you by a fair preponderance of evidence that he had reasonable and probable cause to believe that the said plaintiff, William Lansky, had been guilty of a felony, and also that no more force was used than was necessary to arrest and imprison the said plaintiff, and upon both these propositions the burden of proof is upon the defendant."

This request was properly refused by the court, since it was predicated upon an admission by the defendant of assault and battery and imprisonment, not justified by the record.

Error is assigned upon the following charge of the court:

" What is probable cause is not contingent upon the fact of the guilt of the accused. The discharge of the respondent upon his examination is not of itself conclusive evidence of want of probable cause. So in this case the plaintiff must do more than prove that Mr. Lansky is not guilty of this offense, and that he was discharged upon the examination; and, if the plaintiff cannot satisfy you by a fair preponderance of the evidence that Mr. Prettyman acted without probable cause and with malice, then your verdict must be for the defendant upon that charge.

That is all I need say to you. In order for the plaintiff to recover in this case, it is sufficient for him to satisfy you by a fair preponderance of evidence of the material facts in the case. In other words, the burden of the proof is upon the plaintiff, in order to recover, to satisfy you by a fair preponderance of evidence that the material facts upon which he relies in this case have been sustained by the evidence and are true."

Plaintiff's counsel contend that by this instruction the court gave the jury to understand that the burden of proof rested upon plaintiff as to the lack of justification for the imprisonment, as well as to the absence of probable cause for making the criminal complaint. We do not so interpret the charge. The court, having finished with his instructions as to the counts charging assault and battery and false imprisonment, was here dealing with the count for malicious prosecution, and we think the jury must reasonably have so understood. As applied to the count for malicious prosecution, the instruction was correct.

There are no other assignments of error requiring discussion, and the judgment is affirmed.

MOORE, C. J., and CARPENTER, McALVAY, and GRANT, JJ., concurred.