SLATER *v.* WALTER.

1. ACTIONS—JOINDER—SLANDER—MALICIOUS PROSECUTION.

A cause of action for malicious prosecution and one for slander may be joined in one suit.

2. SLANDER—PRIVILEGE—APPEAL—THEORY BELOW.

Where a slander case was not tried on the theory that the words complained of were privileged, it will not be reversed by this court on that theory, especially where, from defendant's own testimony, it appears that he repeated the words on some occasions when they were clearly not within the protection of the rule.

3. SAME—NOMINAL DAMAGES.

Where defendant does not justify the truth of the slanderous words he admits using, plaintiff is entitled to· at least nominal damages.

4. MALICIOUS PROSECUTION—DEFENSES—ADVICE OF COUNSEL.

It is a complete defense to a suit for malicious prosecution that defendant actually submitted to his counsel all the facts, and bona fide acted on his advice, irrespective of the questions of probable cause and absence of malice.

5. TRIAL—INSTRUCTIONS—SPECIFIC CHARGE — THEORY SUPPORTED BY EVIDENCE.

Notwithstanding the jury are correctly instructed upon the general propositions of law governing the case, a party is entitled to have given a request embodying a specific charge, hypothetically stated, of his theory of the case, if supported by the evidence.

6. MALICIOUS PROSECUTION — SPECIFIC INSTRUCTIONS — NECESSITY.

In an action for malicious prosecution in complaining of plaintiff for assault with intent to rob, it was error to refuse an instruction, supported by the evidence, stating under what circumstances defendant would be justified in making such a complaint.

7. SAME—INSTRUCTIONS—PROBABLE CAUSE.

In an action for malicious prosecution general instructions defining probable cause, without a statement of what facts in the case if found by the jury will constitute probable cause, or show a want of it, are insufficient.

Error to Kent; Perkins, J.   Submitted February 14, 1907.   (Docket No. 139.)   Decided July 1, 1907.

Case by Irving O. Slater against Alexander A. Walter for slander and malicious prosecution.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*Smedley & Corwin* and *Edward N. Barnard*, for appellant.

*O'Keefe & Gannser* (*George C. Brown*, of counsel), for appellee.

McALVAY, C. J.   Plaintiff instituted suit by capias ad respondendum against defendant, afterwards filing a declaration containing two counts—one for slander, and the other for malicious prosecution.   A plea of the general issue was filed.   Defendant is a practicing physician, residing in Grand Rapids.   Plaintiff, an electrician and salesman for a Chicago firm, came to Grand Rapids August 29, 1904, from White Lake, Mich., where he had been spending a short vacation with his wife.   They went to the Hotel Pantlind.   He was short of money, and started out to solicit business.   He called upon defendant that afternoon, and an agreement was made to repair defendant's X-ray machine for $5.   He was given the key to the office, and worked upon it that evening. The next morning defendant was not satisfied with the work, claiming it was not as agreed.   Plaintiff asked for and received the advance of $1 to get a breakfast for himself and wife.   Later he returned with his wife, and a dispute arose about the work done on the machine.   During the dispute plaintiff sent his wife back to the hotel. Defendant claims that finally plaintiff made a proposition to settle for $2 in addition to the $1 advanced, which agreement was accepted, and the money paid; that plaintiff, who had started to leave the office, suddenly turned around and struck him violently on the head with his fist,

and at the same time grabbed his watch chain and pulled his watch from his pocket, but did not get the chain loose from his vest; that the plaintiff then escaped, running down the stairs; that defendant, when he recovered from the effects of the blow, went down to the street, followed the crowd after the plaintiff, and cried out, "Catch him! He tried to kill me, to rob me." Plaintiff ran into an alley and escaped. Defendant returned to his office for his coat and hat, and went to a doctor's office for treatment of his injury, which he claimed was severe. Returning, he met à police officer, who, upon hearing his complaint, told him he must have a warrant in order to arrest the man, and directed him to the prosecuting attorney. Defendant went as directed, stated his case, and the prosecutor drew up the complaint, and sent him to the police court, where it was signed, sworn to, and a warrant issued. Plaintiff was arrested shortly afterwards and locked up. He secured bail in a few hours. The following morning his examination was held, and he was discharged. This litigation is the result.

Plaintiff denies that he proposed to settle for $2, claiming that he thought defendant was paying him $4 until he counted the money, when he demanded the balance; that defendant told him to leave his office, which he refused to do; that defendant took hold of him to push him out, and he then struck him a slap on the face. In other respects there is no material difference between the parties as to what occurred.

When the matter came up in the police court, defendant in the anteroom repeated the language used by him on the street after the assault was committed. These are the statements relied upon in the count for slander in plaintiff's declaration. Plaintiff recovered a verdict of 6 cents damages for injury to feelings under the charge for slander, and for malicious prosecution the sum of $500.

Of the errors assigned in the case upon which defendant asks a reversal, we will first consider the action of the court in refusing to require plaintiff to elect under

which count of his declaration he would proceed; it being claimed that causes of action for malicious prosecution and for slander cannot be joined in one suit. In the case of *Cadwell* v. *Corey*, 91 Mich. 335, it was held that such joinder was proper, and that the trial court should not have compelled plaintiff to elect under which counts he would proceed. A like joinder of causes of action appears in *McLeod* v. *Crosby*, 128 Mich. 641, but it does not appear that the question of improper joinder was before the court. Such practice is approved by Chitty. 1 Chitty on Pleading (16th Am. Ed.), p. 222. The court charged the jury to find for the plaintiff upon the slander count at least nominal damages for injury to feelings only; he having waived actual damages.

Appellant in his brief insists that the words counted upon as slanderous were privileged. The case was not tried upon that theory; and, although it may be said that the occasions when they were first spoken might well bring them within the rule of privilege, yet from defendant's testimony it appears there were other occasions when they were repeated by him not within the protection of that rule. Defendant did not justify the truth of the words uttered, so the case under the proofs on the slander count justified the direction of the court that at least nominal damages should be awarded plaintiff. As before stated, the jury found damages to plaintiff's feelings 6 cents.

Defendant asked the court at the close of the case to direct a verdict in his favor on the count for malicious prosecution, for the reason that plaintiff had not shown any malice, and that there was probable cause, and that on the undisputed facts there was enough to warrant defendant in going to the prosecuting attorney which would be a complete defense. This motion was denied, and error is assigned upon such denial. An examination of all the evidence in the record bearing upon this proposition satisfies us that we cannot say that these facts were undisputed. Where there is evidence, however slight,

which should go to a jury, the question is one for the jury, and not the court, to determine. It was not error to deny the motion.

Upon the subject of advice of counsel, the court charged at considerable length, giving it in connection with what was charged as to probable cause, as follows:

"The want of probable cause, as I have told you, is a necessary and essential fact to be found from the evidence before the plaintiff can recover upon the count for malicious prosecution. It cannot be inferred from malice, as I have said. It must be established by the evidence.

"The true inquiry upon the subject of probable cause is not whether the plaintiff was or was not guilty of the offense charged in the complaint made against him; but what did the defendant have reason to believe and actually believed was the fact when he swore to the complaint for assault with intent to rob?

"There is another question in connection with this subject of probable cause which I deem it material for your consideration, viz., in connection with the subject of advice of counsel. Upon this question, I instruct you that advice of counsel can only be considered when the party seeking such advice has fully, fairly, and honestly stated all the facts and circumstances within his knowledge to the counsel of whom he seeks advice.

"If the party seeking such advice, instead of fully and fairly stating the facts, stated as a matter of fact that which he did not know to be true or had good reason to believe to be true, then the advice of counsel would be no protection. Neither would it be any protection if it were resorted to merely for the purpose of covering a previous intent to do wrong. But the advice of counsel, when sought, must be sought in good faith, and all of the facts and circumstances within the knowledge of the party seeking it, and the information upon which he acts after receiving the advice of counsel, must be fully and fairly stated to the counsel in good faith, and the party seeking the advice must believe the facts and circumstances he narrates to be true.

"You will understand that this has reference to the claim made by the defendant in this case, that he went to the prosecuting attorney and stated to him the facts and circumstances upon which the complaint and warrant were based, and that the prosecuting attorney, after

such statement, caused the complaint to be drawn and sworn to by the defendant and the warrant thereafter to be issued, leading to the arrest of the plaintiff.

"Our Supreme Court has said in one case, in speaking of advice of counsel:

"'A person seeking or receiving such advice is in law as well as in morals justified in acting upon it, provided he has fully and fairly stated the facts to the attorney.'

"This is a question for you to determine from all the evidence in the case."

Upon this matter defendant requested the following charge, which was denied:

"If you find that defendant laid all the facts before the prosecuting attorney, and the prosecuting attorney drew up the warrant which he did, and the defendant had no knowledge of the law, but relied upon the prosecuting attorney to frame the charge, then plaintiff cannot recover."

Defendant was entitled to this request or its substance. Justice CARPENTER, speaking for this court, said of this defense:

"It is a complete defense to a suit for malicious prosecution that defendant actually submitted to his counsel all the facts and bona fide acted on his advice. Authorities are not agreed as to the ground upon which this holding proceeds. * * * On whatever ground the defense of advice of counsel rests it affords the defendant a defense which otherwise he does not have. We think it would not be unfair to say that it often, if not always, affords a new defense when the defense of probable cause and of absence of malice have failed." *Adkin* v. *Pillen*, 136 Mich. 682.

In the case just cited there was involved the question of the interest of the attorney consulted in the subject-matter of the suit. In the case at bar no such question arises, and the quotation from the opinion is here approved as a correct statement of the law. The charge of the court was too general. The general propositions of law are not questioned, but defendant was entitled to a specific charge, hypothetically stated, of his theory upon this branch of the case, which was supported by evidence.

At this point it will be well to consider defendant's claim that the court refused to submit the case to the jury on defendant's theory. The court refused the following request:

"The plaintiff had no right to attempt to take defendant's watch from him by force and without his consent, and, if you find from all the facts and circumstances in the case that the plaintiff did attempt to take defendant's watch from his person and by force and without his consent, under circumstances which would lead a reasonably prudent man to believe that plaintiff intended to rob him, then the defendant was justified in making this complaint for attempt to rob, and the plaintiff in this case cannot recover on the count for malicious prosecution."

This proposition is not covered in the general charge of the court. Defendant had the right to have his theory of this case submitted to the jury, and the request briefly stated the law upon the main proposition relied upon by him.

"The plaintiff was entitled to a charge applicable to the theory he contended for, and which his evidence tended to support." *Comstock* v. *Norton,* 36 Mich. 277, 280.

See, also, *Fletcher* v. *Bradford,* 45 Mich. 349; *Winchester* v. *King,* 46 Mich. 102; *Miller* v. *Miller,* 97 Mich. 151; *People* v. *Parsons,* 105 Mich. 177, and cases cited. The court erred in refusing this request.

The only remaining question to discuss is that of probable cause, upon which it is claimed the court did not properly instruct the jury. The charge upon the question was general, and the jury were left to find probable cause as a question of fact. While it is the province of the jury always to find the facts which exist in a given case, it is the province of the court to decide, as a matter of law, whether such facts constitute probable cause. In *Hamilton* v. *Smith,* 39 Mich. 222, this court said:

"But, as the law appropriate to the facts cannot be laid down unequivocally until it is ascertained what the facts are, it is found necessary, where they are in dispute,

to submit the whole subject to the jury under proper instructions as to the rule of law to be applied according as they find one state of facts or another."

The material part of the charge upon the question of probable cause necessary to quote is as follows:

"Probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind that the ground alleged against the accused for the arrest actually existed.

"To constitute probable cause for the prosecution of criminal proceedings against another, it is necessary that the person instituting such proceedings shall not only believe, but have good reason to believe, that the accused was guilty of the offense charged. Such belief should be founded either upon knowledge, or upon what he believed to be reliable information, which, if true, would justify the belief.

"The want of probable cause, as I have told you, is a necessary and essential fact to be found from the evidence before the plaintiff can recover upon the count for malicious prosecution. It cannot be inferred from malice, as I have said. It must be established by the evidence.

"The true inquiry on the subject of probable cause is not whether the plaintiff was or was not guilty of the offense charged in the complaint made against him, but what did the defendant have good reason to believe, and actually believed, was the fact when he swore to the complaint for assault with intent to rob."

The court also charged:

"All the facts and circumstances shown by the evidence are to be taken into consideration upon the subject of probable cause."

Defendant does not object to what the court said, but contends that this charge was too general; that the court did not instruct the jury what facts in the case if found by them would constitute probable cause, or show a want of probable cause. *Wilson* v. *Bowen*, 64 Mich. 133.

In *McClay* v. *Hicks*, 119 Mich. 65, Mr. Justice MONT-GOMERY, speaking for the court, said:

"It will be seen that the charge does not point out

148 MICH.—42.

what facts would constitute probable cause, but leaves the jury to determine the question according to their best judgment. One vice of such an instruction lies in the fact that it, of necessity, leaves the jury to determine for themselves what constitutes the offense for which plaintiff was prosecuted. * * * The question of what constitutes probable cause in a particular case has for this reason, among others, been treated as a mixed question of law and fact; and correct practice requires that, where the facts are in dispute, the court shall state hypothetically what facts, if found, would constitute probable cause;" citing *Hamilton* v. *Smith*, supra; *Rankin* v. *Crane*, 104 Mich. 6.

The charge of the court upon the question of probable cause in the case at bar is subject to the objection made by defendant, in that the court did not point out what facts would constitute probable cause.

For the reasons given, the judgment is reversed, and a new trial ordered.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.