SWANEY *v.* JOHN SCHLAFF CREAMERY CO.

1. MALICIOUS PROSECUTION—ELEMENTS—PROBABLE CAUSE.
   In an action for malicious prosecution, plaintiff must establish the fact of the prosecution, that it terminated in his favor, that defendant had no probable cause, and that he acted from malicious motives.

2. SAME—PROBABLE CAUSE—STATEMENT OF FACTS TO COUNSEL.
   If the prosecuting witness in good faith fully and fairly

On probable cause as question for court or jury where advice of counsel has been sought, see note in L. R. A. 1915D, 85.

On acquittal or discharge by an examining magistrate as evidence of want of probable cause see notes in 64 L. R. A. 481; 3 L. R. A. (N. S.) 929.

stated all the material facts within his knowledge to his own attorney or the prosecuting attorney and acted upon his or their advice, proof of the same establishes a case of probable cause, but if he did not fully and fairly state the facts he cannot protect himself by the advice given.

3. SAME—PROBABLE CAUSE.
Where the facts are undisputed, want of probable cause is a question of law to be settled by the court.

4. TRIAL—DIRECTED VERDICT.
Upon a motion to direct a verdict the testimony most favorable to the other party must be accepted, together with the legitimate inferences to be drawn from it.

5. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR JURY.
Where defendant's testimony that he submitted all of the material facts to counsel upon whose advice he acted was disputed, the trial judge properly submitted the question of probable cause to the jury for determination.

6. SAME—EVIDENCE—ADMISSIBILITY—APPEAL AND ERROR.
Where plaintiff had been prosecuted for embezzlement, the admission of evidence that he had left on deposit with defendant company two dollars weekly as "cash bond," for which "bond slips" were issued, until the sum aggregated $150, its materiality not having been satisfactorily pointed out, nor its harmfulness made apparent, *held*, not prejudicial.

7. SAME—PRINCIPAL AND AGENT.
Evidence that these "bond slips" were turned in to defendant's bookkeeper to apply on plaintiff's account was properly received over defendant's objection that the bookkeeper was plaintiff's agent, since the bookkeeper was in defendant's employ and in charge of its books and office.

Error to Wayne; Mandell (Henry A.), J. Submitted October 8, 1920. (Docket No. 67.) Decided December 21, 1920.

Case by Frederick E. Swaney against John Schlaff Creamery Company and another for malicious prosecution. Judgment for plaintiff. Defendants bring error. Affirmed.

*Harry H. Wait,* for appellants.

*Bishop & Kilpatrick* (*R. R. Weaver,* of counsel), for appellee.

Fellows, J. This action is for malicious prosecution. Plaintiff had for some time been in the employ of John Schlaff Creamery Company, and in February, 1918, was placed in charge of the Troy branch. It is the claim of defendant Schlaff that soon after plaintiff assumed charge of the Troy branch he learned through two of the employees who called at his house one evening that plaintiff was interested in a competitor, the Melrose Creamery Company, and that he was carting merchandise from the Troy branch to the Melrose Company and had let them have a horse and harness belonging to the defendant company. It is the claim of the defendants that Mr. Schlaff made a full investigation, and laid before his attorney and the prosecuting attorney's office all the material facts, that the arrest of plaintiff for the crime of embezzlement was directed by the prosecutor's office, and in making the complaint he acted upon the advice of his attorney and the prosecuting attorney's office. Defendants contend that the undisputed testimony supports their claim and that they were entitled to a directed verdict.

We do not understand that counsel disagree as to the law applicable to an action for malicious prosecution. Plaintiff must establish three propositions: (1) The fact of the alleged prosecution and that it terminated in plaintiff's favor; (2) that defendant had no probable cause; and (3) that he acted from malicious motives. *Hamilton* v. *Smith,* 39 Mich. 222; *Thomas* v. *Bush,* 200 Mich. 224. If the prosecuting witness has in good faith fully and fairly stated all the material facts within his knowledge to his own attorney or the prosecuting attorney and acted upon his or their

advice, proof of the fact establishes a case of probable cause. *Smith* v. *Tolan,* 158 Mich. 89; *Thomas* v. *Bush, supra.* Where the facts are undisputed, want of probable cause is a question of law to be settled by the court. *Rogers* v. *Olds,* 117 Mich. 368; *Gilecki* v. *Dolemba,* 189 Mich. 107. Where the prosecuting witness did not in good faith fully and fairly state the facts to his counsel or the prosecuting attorney he can not protect himself by the advice given. *Davis* v. *McMillan,* 142 Mich. 391 (3 L. R. A. [N. S.] 928).

The case in the trial court revolved around the question of whether Mr. Schlaff fully and fairly stated to his counsel and to the prosecuting attorney's office all the material facts and submitted to them the evidence he had collected. Mr. Schlaff was the only witness who gave testimony on this subject. If his testimony was undisputed upon the material facts, it made a question of law; if his testimony was disputed upon material facts the question became one for the jury. As the case was disposed of by the trial judge upon the theory that this question was one of fact for the jury, we need interest ourselves only with the question of whether this record supports such conclusion. This requires a more detailed statement of the testimony which has only been generalized. We shall now point out some of the conflicts in the testimony. Mr. Schlaff testifies that plaintiff was not authorized to extend credit; plaintiff testifies that he was. There is also a conflict as to whether he was authorized to sell merchandise to himself. Mr. Schlaff testifies to receiving information from two of the employees about the carting of merchandise to the Melrose Company and to the horses and harness being over there. One of these employees was a witness for plaintiff and denied saying anything about plaintiff to Mr. Schlaff or that he was doing anything wrong, but did admit

on cross-examination advising Mr. Schlaff to look into things.

Of the pieces of evidence which Mr. Schlaff claims to have submitted to his attorney and to the prosecuting attorney's office and pieces which defendants' counsel regards as of importance is found some seven so-called "sales slips." These were offered in evidence and are in the record. While the use of these sales slips in the business of the company is not made as clear as might be desired, the record, as we understand it, disclosed that they were made in either duplicate or quadruplicate (there is testimony both ways) and at least one copy was given to the driver with the milk or cream to be delivered. The driver brought in the money if it was a cash sale or returned the copy with the name of the persons to whom it should be charged if it was not a cash sale. The name of the employee taking the merchandise was written on the slips. Plaintiff's name appears on all these slips. In some of them it appears that the merchandise was sold to him, and in some of them it does not. While Mr. Schlaff claims to have submitted these slips to the attorneys, the bookkeeper at the Troy branch, who had the custody of them, gave testimony tending to show that they were not out of her possession until after the plaintiff had been arrested. We cannot determine which of these witnesses is mistaken. Upon a motion to direct a verdict the testimony most favorable to the other party must be accepted, together with the legitimate inferences to be drawn from it. The ground of defendant's motion was that he was protected by the advice of counsel after a good faith statement of all the material facts and the production of all the evidence in their possession; it was based upon no other grounds. Applying the rule above stated, we are constrained to hold that the trial judge was not in error in submitting the case to the jury.

Error is also assigned upon the admission of evidence that plaintiff had left on deposit with the company two dollars weekly as "cash bond," as it is called, until the sum aggregated $150, and that so-called "bond slips" were issued therefor. The materiality of this testimony is not satisfactorily pointed out to us, nor is its harmfulness made apparent. It was possibly admissible as showing the entire terms of the contract of employment, but in any event we do not perceive its prejudice to defendants. If it was error to receive it, the error was harmless and did not prejudice the substantial rights of the defendants. Objection was also made to evidence that these bond slips were turned in to defendants' bookkeeper and were received to apply on plaintiff's account; the objection to this testimony was that the bookkeeper was plaintiff's agent. As against this objection they were admissible. The bookkeeper was in the employ of the defendant company, in charge of its books, and the office at the Troy branch.

Finding no prejudicial error upon the record, we affirm the judgment.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.