## OBEGINSKI v. JAMES.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—JURY QUESTION.
    The existence of probable cause for prosecution is a jury question in an action for malicious prosecution if the facts surrounding the prosecution are in dispute.

2. LICENSES—BUILDERS—SUBCONTRACTORS.
    A subcontractor does not have to be licensed if he does work for a licensed builder (CLS 1956, § 338.971 et seq.).

3. MALICIOUS PROSECUTION—MALICE—PRIVATE BENEFIT.
    Jury could infer from letter of complainant to defendant in criminal action for unlicensed operation as building contractor and from surrounding circumstances that complainant instituted prosecution maliciously to effect a private benefit for herself, and without probable cause.

4. SAME—PROBABLE CAUSE—FULL AND FAIR DISCLOSURE TO PROSECUTOR.
    Jury could conclude from evidence in the record that complainant in criminal prosecution for unlicensed operation as building contractor did not make full and fair disclosure to prosecutor that defendant in criminal action worked as subcontractor for licensed contractor and therefore did not need license (CLS 1956, § 338.971 et seq.).

5. SAME—FUNCTION OF JURY—INFERENCES.
    The jury in an action for malicious prosecution is the sole judge of the credibility of the witnesses and the weight to be accorded their testimony, and it may draw reasonable inferences as to the existence of probable cause and malice from the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 34 Am Jur, Malicious Prosecution §§ 121, 122.
[2] 33 Am Jur, Licenses §§ 34, 39.
[5] 53 Am Jur, Trial § 169.
[6] 53 Am Jur, Trial § 824.

6. APPEAL AND ERROR—INSTRUCTIONS—REQUEST TO CHARGE—OBJEC-
   TIONS.
   Error alleged in instructions to jury cannot be considered, when
   record shows no request for instructions and no objections to
   those given (GCR 1963, 516.2).

Appeal from Oakland; Moore (Arthur E.), J.
Submitted Division 2 May 31, 1966, at Lansing.
(Docket No. 583.) Decided July 26, 1966. Rehear-
ing denied September 9, 1966.

Declaration by A. R. Obeginski against Mary
James for malicious prosecution. Verdict and judg-
ment for plaintiff. Defendant appeals. Affirmed.

*Manikoff & Munde (Raymond D. Munde,* of coun-
sel), for plaintiff.

*Walter A. Kurz,* for defendant.

T. G. KAVANAGH, J. The defendant began con-
struction of a house in 1957. The plaintiff, a ceramic
tile mason, was engaged to do the tile work on
the house. The defendant maintains that she was
the general contractor for the job who employed
the plaintiff directly to work under the direction
of one Freeman Brandt who was defendant's super-
visor. The plaintiff claims that he was a subcon-
tractor employed by Freeman Brandt who was the
general contractor on the job.

In any event plaintiff did the work and it was
unsatisfactory to the defendant. She made a com-
plaint to the Oakland county prosecuting attorney
charging that the plaintiff was an unlicensed con-
tractor who violated the builders licensing law[1] and
the plaintiff was tried and acquitted of the charge.

Thereafter the instant suit was brought for mali-

---

[1] CLS 1956, § 338.971 *et seq.* (Stat Ann 1957 Rev § 18.86[1]
*et seq.*),

cious prosecution and the jury awarded plaintiff $3,000 damages.

The various assertions of error urged in this appeal are properly considered in three questions:

1. Did the plaintiff-appellee fail to establish a prima facie case of lack of probable cause requiring a directed verdict as a matter of law?

2. Was there such great weight of evidence to the contrary that the verdict should have been set aside or the defendant-appellant's motion for judgment *non obstante veredicto* granted?

3. Did the trial court err in its rulings limiting the examination and not limiting the cross-examination of defendant-appellant's witnesses and instructing the jury?

With reference to the first question, it is firmly established that if the facts are not in dispute, the existence or want of probable cause is a matter of law to be determined by the court. *Rankin* v. *Crane* (1895), 104 Mich 6; *Merriam* v. *Continental Motors Corporation* (1954), 339 Mich 546; *Renda* v. *International Union, UAW* (1962), 366 Mich 58; and *Drobczyk* v. *Great Lakes Steel Corp.* (1962), 367 Mich 318.

It is equally well established that if the facts are in dispute, since probable cause is a mixed question of law and fact, it should be left to the determination of the jury under proper instruction. *Fine* v. *Navarre* (1895), 104 Mich 93; *Slater* v. *Walter* (1907), 148 Mich 650; and *Hall* v. *American Investment Co.* (1928), 241 Mich 349.

The appellee testified that the appellant came to his house, informed him that she wanted an estimate on the tile work to be done at her house and in response to his inquiry informed him that the builder was Freeman Brandt whom the appellee knew. He then went to Freeman Brandt, informed him of

his conversation with appellant that she wanted the appellee to do the work, and Brandt approved.

Under the builders licensing statute, *supra*, if a subcontractor does work for a licensed builder the subcontractor does not have to be licensed. If the facts were as appellee related, he violated no law.

On January 3, 1961, the appellant wrote the appellee a letter in which she stated that there were certain defects in the tile work and advised him that since he had no license at the time he did the work it was a criminal offense for him to have performed it. She stated in the letter that her only concern was to get the work corrected and bring the unpleasant matter to a close.

She denied that her purpose in signing the criminal complaint was to get the work corrected. The jury was free to accept her disavowal of the purpose or free to infer from her letter and the surrounding circumstances that she acted maliciously in signing the complaint to effect a private benefit.

There was evidence in the record from which the jury could conclude that the appellant informed the appellee that Freeman Brandt, a licensed contractor, was the builder and that she didn't make a full and fair disclosure to the prosecutor when she signed the criminal complaint and that she signed it in order to effect the correction of the defective tile work.

The jury is the sole judge of the credibility of the witnesses, the weight to be accorded their testimony and it may draw reasonable inferences from the evidence. *Albu* v. *Sweeney* (1959), 355 Mich 385.

The record shows no request for instructions nor objection to those given. Under the provisions of GCR 1963, 516.2 we may not consider any error alleged in this regard.

The record further discloses that the trial judge did not abuse his discretion in controlling the examination and cross-examination of the witnesses.

We find no error that appears inconsistent with substantial justice. GCR 1963, 529.1.

Judgment affirmed. Costs to appellee.

LESINSKI, C. J., and McGREGOR, J., concurred.