JOHNSON *v.* CHESAPEAKE & OHIO RAILWAY COMPANY.

1. COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT—THEORY OF CASE —SAFE PLACE TO WORK.

    Failure of defendant railway company to provide employee with a safe place to work is a valid theory for recovery of damages under the Federal employers' liability act (45 USC, § 51).

2. SAME—PROXIMATE CAUSE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

    The test of the validity of a jury verdict against the employer in action under the Federal employers' liability act is whether the proofs justify conclusion that employer's negligence played any part, even the slightest, in producing the injury for which damages are sought, it being immaterial that, from the evidence, the jury might also attribute result to other causes, including the employee's contributory negligence (45 USC, § 51).

3. SAME—JUDGMENT NOTWITHSTANDING THE VERDICT.

    The trial court did not commit error in denying defendant railway company's motion for judgment notwithstanding the verdict, where the jury's determination that the railway company was liable is supported by the record in action under the Federal employers' liability act (45 USC, § 51).

4. SAME—INSTRUCTIONS—STATUTES.

    Reading to jury a portion of the Federal employers' liability act making it a crime for an employer to prevent railroad employees from voluntarily furnishing information to a party in

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant §§ 183, 400, 423.
[2] 35 Am Jur, Master and Servant §§ 403, 406, 513.
[3] 30A Am Jur, Judgments §§ 292, 300; 5 Am Jur 2d, Appeal and Error § 886.
[4] 35 Am Jur, Master and Servant § 516.
[5] 35 Am Jur, Master and Servant §§ 403, 406, 493, 516.
[6] 35 Am Jur, Master and Servant §§ 516, 518–520, 522, 523.
Applicability of state practice and procedure in Federal Employers' Liability Act actions brought in state courts.  79 ALR2d 553.

interest about an accident to another employee injured thereby, *held,* not reversible error, where one of defendant's employees testified in action under such act that his refusal to give information to plaintiff was at the request of his employer, another employee's testimony substantially differed from a statement given by him shortly after the accident, and counsel for both parties argued the question of possible employer intimidation in their closing remarks to the jury, with defendant's counsel claiming that no criminal statute was involved, although this aspect should not have been brought into the case (45 USC, § 60).

5. SAME—BURDEN OF PROOF—PROXIMATE CAUSE—NEGLIGENCE—INSTRUCTIONS.
    Claim by defendant railway company that the trial court committed prejudicial error by instructing the jury that plaintiff had sustained his burden of proof in action under the Federal employers' liability act if the evidence justified, with reason, that any negligence of the railway company played any part, even the slightest, in producing the injury for which plaintiff sought damages, *held,* without merit, since such instruction properly stated Federal law (45 USC, § 51).

6. SAME—DAMAGES—FUTURE DAMAGES—INSTRUCTIONS.
    Instruction to the jury with respect to the award of future damages *held,* justified where there was testimony by doctors that pains suffered by plaintiff might be continuous, and plaintiff testified, at trial, that he was still under work restrictions as a result of the injuries received, and continued to be unable to perform the kind of work that he had been able to perform prior to the accident involved in action under Federal employers' liability act (45 USC, § 51).

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 November 9, 1966, at Grand Rapids. (Docket No. 1,942.) Decided May 9, 1967.

Declaration by Allen Johnson against the Chesapeake & Ohio Railway Company, a Virginia corporation, and Louis Bryan for injuries to plaintiff when struck by an automobile owned and driven by defendant Bryan while plaintiff was in the course of his employment with defendant railway company. Verdict and judgment for defendant Bryan of no

cause of action. Verdict and judgment for plaintiff against defendant railway company. Defendant railway company's motion for judgment notwithstanding the verdict or a new trial was denied. Defendant railway company appeals. Affirmed.

*van Benschoten & van Benschoten (Harvey E. van Benschoten,* of counsel), for plaintiff.

*Robert A. Straub (Weadock & Montgomery,* of counsel), for defendant.

Burns, J. This action was brought under the Federal employers' liability act, section 1, 35 Stat 65 (1908), 45 USC, § 51, for injuries to the plaintiff inflicted in the course of his employment with the Chesapeake & Ohio Railway Company when plaintiff was struck by an automobile driven by the defendant Bryan.

The jury returned a verdict for the defendant Bryan of no cause of action which was not appealed, and a verdict for the plaintiff against the defendant railway company. The defendant railway company moved for a judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied.

In reviewing this case, we examine the testimony and facts, which were conflicting, in a light most favorable to the plaintiff. *Beattie* v. *Elgin, J. & E. R. Co.* (CA 7, 1954), 217 F2d 863.

The plaintiff, a track laborer, was called to assist with the repair of broken track at about 7:15 p.m. on December 31, 1960. The track labor gang was transported in a company truck to a grade crossing of highway US–10 in Mt. Morris. The plaintiff testified that after he arrived at the crossing he was instructed by his foreman to accompany him in a search for the broken track. When the 2 men

went out on the highway crossing it was dark and there were no lights, flashers or bells of any kind functioning at the crossing. The foreman gave no order to set up a barricade, nor were any flagmen assigned to warn traffic. In short, no safety precautions were taken. The foreman discovered the break and sent plaintiff back to the truck after a lag wrench. As he returned to the truck to get the wrench he was struck by an automobile driven by the defendant Bryan.

The appellant has raised 6 issues as grounds for appeal; however, the first 3 issues may be summarized as follows: Was there competent evidence upon which the jury could find the defendant railway company negligent and was the negligence a proximate cause of plaintiff's injuries under the Federal employers' liability act?

The plaintiff's theory rests upon the proposition that the railway company had an obligation to provide the plaintiff with a safe place to work. Under the Federal law, which is controlling in this type of case, his theory is valid. See *Beattie v. Elgin, J. & E. R. Co., supra.* Therefore, the answers to the above questions must depend upon the sufficiency of the evidence submitted to the jury. In *Rogers v. Missouri P. R. Co.* (1957), 352 US 500, 506 (77 S Ct 443, 1 L ed 2d 493), Mr. Justice Brennan, speaking for the United States Supreme Court, stated:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence."

The jury's determination that the railway company is liable is supported by the record. The trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict.

Appellant also claims the trial court erred by reading to the jury section 60 of the Federal employers' liability act, as the section involves a criminal penalty. The pertinent portion of section 60 reads as follows:

"Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of an employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: *Provided,* That nothing herein contained shall be construed to void any contract, rule, or regulation with respect to any information contained in the files of the carrier, or other privileged or confidential reports."

Under the circumstances as hereafter noted, we cannot say that the trial court erred in reading the section to the jury.

James Smith, plaintiff's foreman, testified on behalf of defendant railway company. On cross-examination his direct testimony was substantially impeached through a written statement given by

him to the railway company shortly after the accident.

In the closing argument plaintiff's attorney, in reference thereto, said:

"I don't think that anybody is particularly making anything out of that, it could have been said either way by Mr. Smith. And so far as Mr. Smith is concerned, don't be too hard on him, he has to work for this railroad and he has to stick out the balance of his working life with them."

The defense attorney replied that the employees were protected by a union contract. The plaintiff's attorney picked up the gauntlet and on rebuttal mentioned the Newvine incident* and that the law provided a penalty for the violation of said act. At this juncture the defense attorney objected as follows:

"I object, if the court please. That's not the law at all as Mr. van Benschoten well knows."

Plaintiff's attorney then made a formal request to the court to read the aforementioned section quoted above. It is plaintiff's attorney's contention that once the defense challenged his statement to the jury as to the law involved, it became imperative to have the matter clarified for the jury. It is unfortunate that this aspect was brought into the case, but under the circumstances we do not feel it was error—certainly not reversible error.

Appellant's fifth claim of error was that the trial court erred in instructing that the plaintiff had sustained his burden of proof if the evidence justified with reason that any negligence of the railway com-

* During cross-examination of Jerry Newvine, an employee and witness for the railroad, it was brought out that he refused to talk to plaintiff's attorney prior to the trial and that this refusal was because he had been advised by the railway company not to discuss the matter with anyone.

pany played any part, even the slightest, in producing the injury for which damages were sought. The instruction was almost a direct quote from the *Rogers Case, supra,* and must be considered the law.

Lastly, defendant claims the trial court committed error by its refusal to instruct the jury that there had been no evidence submitted as to future damages. We cannot agree. There was testimony by doctors that the pains suffered by the plaintiff might be continuous and that he would have to learn to live with them. The plaintiff testified that although he had returned to work, he was under a restriction "not to lift over 35 pounds" and his fellow employees had to help him. He could not fully perform farm work which he had been doing in the past, in addition to his regular job as repairman. There was sufficient evidence for the jury to consider future damages.

Judgment affirmed. Costs to appellee.

McGREGOR, P. J., and NEWBLATT, J., concurred.