TAFT *v* J L HUDSON COMPANY

1. MALICIOUS PROSECUTION—ELEMENTS.

The elements of a malicious prosecution action require that the plaintiffs must prove that a criminal prosecution was instituted against them which terminated in their favor, that the defendants had no probable cause for the institution of the proceedings, and that the defendants acted with malice.

2. MALICIOUS PROSECUTION—MALICE—LACK OF PROBABLE CAUSE.

Malice in a malicious prosecution case can be inferred from the defendants' lack of probable cause for the institution of criminal proceedings against the plaintiffs.

3. MALICIOUS PROSECUTION—LACK OF PROBABLE CAUSE—FAILURE TO STATE MATERIAL FACTS—QUESTION OF FACT.

The insistence by the plaintiffs, in a malicious prosecution case,

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Malicious Prosecution § 6 *et seq.*
[2] 52 Am Jur 2d, Malicious Prosecution § 141.
[3, 4] 52 Am Jur 2d, Malicious Prosecution § 156.
[5] 5 Am Jur 2d, Appeal and Error § 886.
[6] 52 Am Jur 2d, Malicious Prosecution § 94.

that the defendants failed to state all of the material facts within their knowledge to the prosecutor and the plaintiffs' offering evidence to that effect created a question of fact; a judgment notwithstanding the verdict given by trial judge because he concluded that there were no issues of fact for the jury to decide and that as a matter of law the plaintiffs had failed to sustain their burden of showing want of probable cause was erroneous.

4. MALICIOUS PROSECUTION—INTOXICATION—QUESTION OF FACT.

Whether plaintiffs, in an action for malicious prosecution because of their arrests for being drunk and disorderly, were intoxicated was a question of fact for the jury where both sides offered evidence as to whether the plaintiffs were intoxicated; the trial court's holding that the plaintiffs were intoxicated as a matter of law was erroneous where the holding was based on the plaintiffs' admissions that they had had several drinks before a quarrel with the complainant, and on the altercation itself.

5. JUDGMENT—NOTWITHSTANDING THE VERDICT—APPEAL AND ERROR.

A court reviewing a motion for a judgment notwithstanding the verdict must view all the evidence and testimony adduced at the trial in the light most favorable to the person against whom the motion was made; if, when the evidence is so viewed, there is any evidence which was competent and sufficient to support the jury's verdict, the verdict should not be disturbed.

6. MALICIOUS PROSECUTION—DAMAGES—TREBLE DAMAGES—ELECTION.

Plaintiffs in a malicious prosecution suit were entitled to treble damages even though they failed to make their election to proceed under the applicable statute known to the court and defendants prior to submission to the jury where the case was tried before the Court of Appeals decision was released requiring notice to be given before the case is submitted to the jury and that decision did not say that the opinion was retroactive, and where the trial court submitted to the jury only the question of actual damages thereby effectuating the intent of the election requirement (MCLA 600.2907).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 November 11, 1971, at Detroit. (Docket No. 10788.) Decided January 19, 1972. Leave to appeal denied, 387 Mich 772.

Complaint by Dennis Taft and William D. Cutlip against J. L. Hudson Company, Shopping Centers, Inc., and D. J. Bourgeous for malicious prosecution and false arrest. Verdict for plaintiffs. Judgment notwithstanding the verdict granted defendants. Plaintiffs appeal. Verdict reinstated and the cause remanded for entry of judgment awarding treble damages.

*Craig, Fried & Heidt,* for plaintiffs.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr (Haggerty & Franklin,* of counsel), for defendants.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is a malicious prosecution action. At about 9 p.m. on October 8, 1965, plaintiffs went to the J. L. Hudson department store located at Westland Mall in Wayne County with the intent to pick up plaintiff Taft's wife, who worked at that store. As plaintiffs entered the store they were approached by two men who indicated that the store was closed or was about to be closed. Plaintiff Cutlip remained at the door while Taft went in search of his wife.

After Taft had proceeded about 50 feet into the store, he was met by defendant Bourgeous, who was in charge of security for the store. Bourgeous told Taft to leave, a request which Bourgeous claims was ignored by Taft. Bourgeous claims that Taft became boisterous, used profanity, and continued into the store. Bourgeous again approached Taft,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

whereupon Taft turned and left the store with Cut-lip.

As plaintiffs walked away, Bourgeous called the Westland Mall Security Department. Two officers were dispatched. These officers, upon ascertaining the identity of plaintiffs from Bourgeous, physically restrained plaintiffs, took them to the security office and held them until the sheriff's deputies, who had been summoned, arrived. Plaintiffs were taken to the sheriff's road patrol station, where they were released in a manner of minutes. Bourgeous thereafter swore out a complaint charging plaintiffs with being drunk and disorderly in a public place. At the trial on that complaint, the charges were dismissed at the close of the prosecution's proofs.

Plaintiffs brought the present action for malicious prosecution and false arrest. While admitting to having consumed some four beers and two mixed drinks over the four-hour period prior to going to the store, plaintiffs deny that they were drunk and disorderly. The jury returned a verdict in favor of plaintiffs in the amount of $2000 for Taft and $3300 for Cutlip. Thereafter a motion for judgment notwithstanding the verdict was made by defendants. After due consideration, the motion was granted by the trial court. Plaintiffs now appeal from the granting of the motion for the judgment notwithstanding the verdict.

The law is well established that in order to sustain a charge of malicious prosecution the plaintiffs must show: (1) that a criminal prosecution was instituted against them which terminated in their favor, (2) that the defendants had no probable cause for the institution of the proceedings, and (3) that the defendants acted with malice. *Hickey* v *Shellenbarger,* 180 Mich 548 (1914); *Drobczyk* v *Great Lakes Steel Corp,* 367 Mich 318 (1962); *Roblyer* v *Hoyt,* 343 Mich

431 (1955); *Belt* v *Ritter,* 18 Mich App 495 (1969), *aff'd* 385 Mich 402 (1971).

The first item requires no discussion as there is no dispute concerning the fact that criminal proceedings were instituted and that they were settled in favor of the plaintiffs.

The third factor may be dispensed with due to the fact that malice can be inferred from the lack of probable cause. *Drobczyk, supra; Stefanic* v *Montgomery Ward & Co,* 358 Mich 460 (1960).

The learned trial judge in granting the aforesaid motion concluded that there were no issues of fact for the jury to decide and that as a matter of law the plaintiffs had failed to sustain their burden of showing want of probable cause. There are two aspects of this conclusion which will require consideration.

The trial court in its opinion said:

"When a defendant in a case of malicious prosecution has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney and signed a complaint on the latter's advice, a case of probable cause is established barring plaintiff's right to recover."

There is no quarrel with this conclusion of law. However, the plaintiffs insist that the defendant failed to state "all of the material facts" and offered evidence to that effect. Consequently, it became a question of fact for the jury to decide.

The court in arriving at the above conclusion relied heavily upon *Stefanic* and *Drobczyk.* However, both of these cases can be distinguished. In *Stefanic, supra,* the prosecuting attorney delayed the issuance of the warrant until he had the opportunity to carry on an independent investigation by way of checking the records and the interviewing of witnesses. The same is true of *Drobczyk, supra,* where-

in the police department was asked to make a study and report.

The second aspect deals with the matter of intoxication. While the plaintiffs admitted having had three or four beers plus a couple of mixed drinks during the course of the evening, they insisted that they were not disorderly or intoxicated and had complete control of their senses. This was supported by the testimony of one of the deputy sheriffs. In his consideration of the motion, the trial judge, relying upon the definition of intoxication set forth in *Lafler v Fisher*, 121 Mich 60 (1899), held that the admission by plaintiffs with regard to the consumption of the beer and mixed drinks, when coupled with the altercation, meant that plaintiffs were intoxicated as a matter of law. To so hold was erroneous. Since during the trial both sides offered evidence as to whether the plaintiffs were intoxicated, it was properly a question of fact for consideration by the jury.

The law governing the question of want of probable cause in a malicious prosecution action is set forth in *Obeginski v James*, 4 Mich App 90, 92 (1966), wherein it was held:

"With reference to the first question, it is firmly established that if the facts are not in dispute, the existence or want of probable cause is a matter of law to be determined by the court. *Rankin v. Crane*, (1895), 104 Mich 6; *Merriam v. Continental Motors Corp.* (1954), 339 Mich 546; *Renda v. International Union, UAW*, (1962), 366 Mich 58; and *Drobczyk v. Great Lakes Steel Corp.* (1962), 367 Mich 318.

"It is equally well established that if the facts are in dispute, since probable cause is a mixed question of law and fact, it should be left to the determination of the jury under proper instruction. *Fine v. Navarre* (1895), 104 Mich 93; *Slater v. Walter*, (1907), 148 Mich 650; and *Hall v. American Investment Co.* (1928), 241 Mich 349."

See also *Sottile v DeNike,* 20 Mich App 468 (1969); *LaLone v Rashid,* 34 Mich App 193 (1971).

In Michigan a court reviewing a motion for a judgment notwithstanding the verdict must view all the evidence and testimony adduced at the trial in the light most favorable to the person against whom the motion was made. *Savage v Peterson Distributing Co, Inc,* 379 Mich 197 (1967); *Prentkiewicz v Karp,* 375 Mich 367 (1965); *Kroll v Katz,* 374 Mich 364 (1965); *Wamser v N J Westra & Sons, Inc,* 9 Mich App 89 (1967); *Brusslan v Larsen,* 6 Mich App 680 (1967); *Johnson v Chesapeake & O R Co,* 6 Mich App 611 (1967). If, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, said determination should not be disturbed. See *Wamser, supra; Killen v Benton,* 1 Mich App 294 (1965).

Accordingly, we conclude, after a review of the record, that there was competent evidence, when viewed in the light most favorable to the plaintiffs, which was more than sufficient to warrant the finding that the defendants acted without probable cause. Therefore, the motion for a judgment notwithstanding the verdict should not have been granted.

Also raised in this appeal is the issue of whether or not the plaintiffs should be awarded treble damages pursuant to MCLA 600.2907; MSA 27A.2907. Unfortunately this rather aged statute has been interpreted upon only two occasions: *Leeseberg v Builders Plumbing Supply Co,* 6 Mich App 321 (1967) and *LaLone v Rashid,* 34 Mich App 193 (1971).

The Court in *LaLone, supra,* p 203, held:

"We construe the statute to mean that if a plaintiff elects to proceed thereunder he must make his election known to the court and to the defendant *be-*

*fore* the case is submitted to the jury. Then, and in that event, the court shall instruct the jury to find only the actual damages suffered by plaintiff and to return a verdict in that amount.   *   *   *   If such a verdict is returned in plaintiff's favor, then upon application to the court, that amount must be trebled by the court since any verdict for plaintiff implicitly contains a finding of malice on the part of the defendant."

While the plaintiffs herein failed to make their election to proceed under the statute known to the court and defendants prior to submission to the jury, we would hasten to add that the case at bar was tried in February 1970, well prior to the *LaLone* opinion which was released in June 1971. Since the Court in *LaLone* did not indicate that its holding should be retroactive, we hold that the failure to make known their election is not fatal to plaintiffs' right to recover under the statute.

In the instant case the trial court submitted to the jury only the question of actual damages, and specifically cautioned the jury not to consider any exemplary or punitive damages. Since the jury was charged with only actual damages, the intent of the notice requirement in *LaLone* was effectuated. The trial court should therefore have trebled the verdict brought in by the jury, "since any verdict for plaintiff implicitly contains a finding of malice on the part of the defendant".

The verdict of the jury is herewith reinstated and the cause is remanded for entry of judgment in accordance with this opinion. Costs to appellants.

All concurred.