MARKOWICZ v PAPPAS

Docket No. 78-4085. Submitted May 8, 1980, at Detroit.—Decided
November 21, 1980. Leave to appeal applied for.

Mary Markowicz brought an action against Samuel Pappas for
defamation, malicious prosecution, and abuse of process. A jury
returned verdicts for plaintiff on the defamation and malicious
prosecution counts and for defendant on the abuse of process
claim. Money awards were made to plaintiff on both counts
and, in addition, by way of special verdict, the award for
malicious prosecution was increased. Defendant moved for
judgment notwithstanding the verdict or, alternatively, for a
new trial, which motion was denied, Wayne Circuit Court, John
D. O'Hair, J. Defendant appeals, alleging that the trial court
erred in denying his motion for a directed verdict on the
malicious prosecution count made during trial, that the jury's
final verdict was improper in light of its original verdict on the
malicious prosecution count, and that the defamation count
was improperly placed before the jury by the trial court. Held:

1. Questions of fact were raised regarding the existence of
probable cause to issue a warrant for plaintiff's arrest, and,
because of this dispute, it was proper to allow the jury to decide
the issue. The trial court did not err in denying defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Malicious Prosecution §§ 6-55.

[2] 75 Am Jur 2d, Trial § 467.

[3] 52 Am Jur 2d, Malicious Prosecution § 184.
Probable cause or want thereof, in malicious prosecution action, as
question of law for court or of fact for jury. 87 ALR2d 183.

[4] 52 Am Jur 2d, Malicious Prosecution § 72.

[5] 22 Am Jur 2d, Damages §§ 366, 367, 398, 399.
Constitutional or statutory provision forbidding re-examination of
facts tried by jury as affecting power to reduce or set aside
verdict because of excessiveness or inadequacy. 11 ALR2d 1217.

[6] 58 Am Jur 2d, New Trial §§ 148 et seq., 221, 222, 224.
Propriety of limiting to issue of damages alone new trial granted on
ground of inadequacy of damages warded. 29 ALR2d 1199.
Excessiveness or inadequacy of damages for malicious prosecution.
35 ALR2d 308.

motion for a directed verdict on the malicious prosecution count.

2. The jury's original verdict made it clear that it desired to award only attorney fees and court costs as damages and that it did not include loss items specified in the court's instruction. As such, it was without the acceptable range of amounts which could have been awarded in light of the amount of attorney fees plaintiff actually incurred, and the award should be reduced by the excess amount of attorney fees.

3. The trial court properly placed the defamation count before the jury.

Affirmed and remanded for remittitur.

1. MALICIOUS PROSECUTION — ELEMENTS OF MALICIOUS PROSECUTION.

The elements which must be shown to establish grounds for a charge of malicious prosecution are: that a criminal prosecution was instituted against a plaintiff by a defendant which terminated in the plaintiff's favor; that the defendant lacked probable cause to institute the proceedings; and that the defendant acted with malice.

2. APPEAL — DIRECTED VERDICTS — STANDARD OF REVIEW.

The Court of Appeals, in determining whether a trial court erred in entering a directed verdict, should view the evidence in a light most favorable to the nonmoving party, and if the evidence so viewed establishes a prima facie case it should rule the directed verdict to be improper.

3. MALICIOUS PROSECUTION — PROBABLE CAUSE — QUESTIONS OF LAW — QUESTIONS OF FACT — DETERMINATION.

Want of probable cause in an action for malicious prosecution is a legal question to be determined by the court where the facts are undisputed; however, where the facts are in dispute, probable cause is a mixed question of law and fact and should be determined by the jury under proper instruction.

4. MALICIOUS PROSECUTION — PROBABLE CAUSE — RECOVERY.

Probable cause to issue an arrest warrant is established in an action for malicious prosecution where a complaining witness fully, fairly, and in good faith states all material facts within his knowledge to a prosecutor who proceeds to recommend a warrant, and, upon such establishment, a plaintiff's right to recover is barred.

5. DAMAGES — MONEY DAMAGES — MODE OF COMPUTATION — APPEAL.

A verdict for money damages should not be set aside on appeal

because the mode of computation utilized by a jury in assessing damages cannot be determined where the damages awarded fall within an acceptable range.

6. NEW TRIAL — DENIAL OF MOTIONS — REMITTITUR AND ADDITUR — CONSENT JUDGMENTS — EFFECT ON APPEAL — COURT RULES.

A trial court may deny a motion for a new trial where a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict on the condition that within ten days the nonmoving party consents in writing to entry of a judgment in an amount found by the judge to be the lowest or highest amount respectively which the evidence will support, and such agreement should not prejudice the nonmoving party where he argues on appeal that the original verdict was correct and should be reinstated if he prevails (GCR 1963, 527.6).

*D'Avanzo, Danko & Aycock,* for plaintiff.

*Bokos, Jones & Plakas, P.C.* (by *Dale A. Jurcisin),* for defendant.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

PER CURIAM. Plaintiff brought a three-count complaint against the defendant, charging him with defamation, malicious prosecution, and abuse of process. The jury returned verdicts in plaintiff's favor on the first two counts but ruled for defendant on the abuse of process claim. Initially, the jury's award for plaintiff as to the malicious prosecution count was that plaintiff should receive court costs and attorney's fees. However, by way of special verdicts, GCR 1963, 514, that award was changed to $3,000 and subsequently trebled under MCL 600.2907; MSA 27A.2907. Plaintiff was awarded $11,000 under the defamation count. An additional $4,700 in interest and $296.15 in costs were added to plaintiff's recovery, resulting in a total sum of $24,996.15. Defendant now appeals by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

right from the trial court's denial of his motion for judgment notwithstanding the verdict or, alternatively, for a new trial. GCR 1963, 515.2 and 527.2.

The events leading to this controversy occurred in the fall of 1973. At that time, plaintiff was running for the office of Mayor of Garden City. Defendant was then a councilman of Garden City seeking reelection and was supporting plaintiff's opponent, the incumbent mayor of Garden City.

On November 4, 1973, two days before the general election, defendant claimed to have found a pamphlet in his mailbox which contained a false statement reflecting on his character, morality, or integrity. He telephoned various persons, including Garden City's City Attorney, who informed him that he might have grounds to make a complaint.

The following day, defendant went to the Garden City Police Department. He was then accompanied by the investigating sergeant to the prosecutor's office. There the sergeant spoke with a prosecuting attorney who informed him that no warrant could be issued for lack of knowledge regarding who was responsible for the pamphlet's publication and circulation. After returning home, defendant encountered his son and his son's girlfriend who had one of the objectionable pamphlets and who said they obtained it from plaintiff's campaign headquarters. Defendant then revisited the police station, was taken to City Hall, and spoke with a different prosecuting attorney who agreed to recommend a warrant for plaintiff's arrest.

Defendant went before a district judge and testified that, while he did not know how the one pamphlet had been delivered to his home, he had seen it being passed out by "Mrs. Markowicz' people". The request form for a warrant recom-

mendation stated that defendant and another individual had gone to plaintiff's campaign headquarters and there received a copy of the pamphlet from Darryl Brown.

A warrant was issued for the plaintiff's arrest. The defendant testified that he did not remember calling the press about the warrant. There were numerous media people at the plaintiff's arraignment.

Plaintiff testified that she was "stunned and shocked" by the arrest and that the situation was "highly traumatic". She stated that her children were very upset by the arrest. Plaintiff testified that she believed that the arrest cost her the election.

Both plaintiff and her husband, who had been active in her campaign, testified that they had not seen the flyer in question until after the campaign. Plaintiff's husband testified that, prior to her arrest, plaintiff enjoyed a good reputation in the community and that her reputation had been damaged by the arrest.

John Sloane, Jr., the Assistant Wayne County Prosecutor who recommended the arrest warrant, stated that had he known the warrant request had been turned down earlier by another prosecutor he would not have recommended it, but would have referred the matter to his superior for a decision. He testified that he felt there was probable cause. to believe that plaintiff Markowicz and Donald McNulty knew or should have known that the flyer was being circulated due to the inclusion of the statement on the bottom of the flyer, "Sponsored by the Committee to elect Mary Markowicz, Mayor and Donald McNulty, Councilman."

Defendant argues that his motion for a directed verdict on the malicious prosecution count should

have been granted because plaintiff failed to establish a prima facie case of lack of probable cause for the warrant to issue.

We affirm the trial court's denial of defendant's motion for a directed verdict.

Elements which the plaintiff must show to establish grounds for a charge of malicious prosecution are: 1) that a criminal prosecution was instituted against him or her by the defendant which terminated in plaintiff's favor, 2) that the defendant lacked probable cause for the institution of the proceedings, and 3) that the defendant acted with malice. *Swaney v John Schlaff Creamery Co,* 212 Mich 567, 569; 180 NW 599 (1920), *Taft v J L Hudson Co,* 37 Mich App 692, 695; 195 NW2d 296 (1972), *lv den* 387 Mich 772 (1972).

In this case, the defendant contends that his motion for a directed verdict should have been granted because there was no proof that the defendant lacked probable cause to institute the criminal proceeding. The standard for determining whether a directed verdict should be granted was enunciated in *Wynn v Cole,* 91 Mich App 517, 524; 284 NW2d 144 (1979):

"In determining whether the trial court erred in entering a directed verdict, this Court used the evidence in a light most favorable to the nonmoving party. If the evidence, when viewed in this manner, establishes a prima facie case, then a directed verdict is improper." (Citations omitted.)

The defendant argues that in this case the facts are not in dispute, that the prosecuting attorney determined probable cause existed for the criminal charge, and that, consequently, he has a complete defense to a malicious prosecution charge. In a malicious prosecution action, where the facts are

undisputed, want of probable cause is a legal question to be determined by the court. *Swaney, supra,* 570, *Taft, supra,* 697, *Obeginski v James,* 4 Mich App 90, 92; 143 NW2d 579 (1966). However, "[i]t is equally well established that if the facts are in dispute, since probable cause is a mixed question of law and fact, it should be left to the determination of the jury under proper instruction". *Taft, supra,* 697 (citations omitted).

Testimony went both ways on the issue of whether the flyer was distributed at Markowicz Headquarters. Because this fact was in dispute, it was proper for the jury to be allowed to decide the issue of probable cause.

Where the complaining witness has fully, fairly, and in good faith stated all the material facts within his or her knowledge to the prosecutor and the prosecutor proceeds to recommend a warrant, probable cause is established, thereby barring plaintiff's right to recover. *Swaney, supra, Gooch v Wachowiak,* 352 Mich 347, 351; 89 NW2d 496 (1958), *Thompson v Price,* 100 Mich 558, 562; 59 NW 253 (1894), *Sottile v DeNike,* 20 Mich App 468, 471-472; 174 NW2d 148 (1969).

The nondisclosure that the request for a warrant was turned down may have been a "material" fact which if known may have precluded issuance of the warrant. Prosecutor Sloane testified that if he had known of the refusal he would not have issued the warrant but would merely have referred the matter to a superior. The superior may or may not have issued the warrant.

Defendant's failure to fully and fairly disclose the original refusal of the warrant request was not a good-faith disclosure to the prosecutor, and so the recommended warrant did not establish probable cause so as to bar the plaintiff's recovery.

Accordingly, we find that the denial of the defendant's motion for directed verdict was proper and that the issue of probable cause for the issuance of the criminal warrant was properly submitted to the jury.

The jury originally returned a verdict in favor of the plaintiff on the malicious prosecution count and awarded damages of "attorney fees and court costs". After instructions by the court that a definite monetary amount was needed as damages for malicious prosecution, the jurors queried as to attorney fees and costs in the case at bar. The court then stated that the damages must be determined from the case presented. The jury deliberated and returned a verdict of $3,000. The only testimony offered with regard to attorney fees was that $1,500 had been paid by the plaintiff in defense of the criminal charge against her. There was no other evidence of attorney fees or costs presented. The jury award of $3,000 was objected to by defense counsel. Defendant's motion for a judgment notwithstanding the verdict was denied.

The trial court instructed the jury on damages by stating:

"Damages in a suit for malicious prosecution may include the following: Fees and expenses incurred by the Plaintiff in defending a criminal action, her loss of time, her deprivation of liberty, injury to her personal business and political reputation, loss of income or wages, mental anguish, suffering and personal mortification and such other items of injury that follows a natural consequence on the action of the Defendants. If you find that any element of damage to Plaintiff is of a continuing nature, you decide how long it may continue. You may award the Plaintiff such damages as you feel will reasonably and adequately compensate her for such future damage."

As a general proposition, a verdict will not be set aside because the mode of computation utilized by the jury in assessing damages cannot be determined. *Battle Creek v Haak,* 139 Mich 514; 102 NW 1005 (1904). However, the *Haak* rule applies when damages awarded are within an acceptable range. The $3,000 verdict would have been acceptable if the loss items specified by the trial court were part of the jury award. The problem here, however, is that the jury's original verdict made it clear that it desired to award as damages only attorney fees and court costs. The plaintiff paid $1,500 to defend herself in the criminal proceedings, not $3,000.

We remand this matter to the trial court with instructions to order remittitur pursuant to GCR 1963, 527.6, which provides:

".6 Remittitur and Additur. When a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict, the court may deny a motion for new trial on condition that within 10 days the non-moving party consents in writing to the entry of judgment of an amount found by the judge to be the lowest or highest amount respectively which the evidence will support. If the moving party appeals, this agreement shall in no way prejudice the party so agreeing, in arguing on appeal, that the original verdict was correct and if he prevails the original verdict may be reinstated by the supreme court."

The amount by which the award should be reduced is $4,500, plus interest, from the date the civil complaint was instituted. This represents the excessive portion of the verdict times three, as damages for malicious prosecution were trebled. No damages should be awarded plaintiff for court costs as opposed to attorney fees because no testimony was presented to the jury concerning the

amount of such costs. The judge only instructed that attorney fees incurred by plaintiff during the criminal prosecution could be recovered. No similar instruction was given as to attorney fees for the civil action. Therefore, the $3,000 award could not be said to include the attorney fees for this civil action also.

The jury was left to speculate on the amount of plaintiff's attorney fees when the judge did not inform them of the specific amount after a request to do so. The $3,000 award may have been the result of this speculation on the jury's part.

We remand this matter to the lower court to prepare an order of remittitur in the amount of $4,500 (the amount of actual attorney fees trebled) plus interest on this amount from the date that the civil action was instituted. As to defendant's last claim of error, we find that, because the denial of the motion for a directed verdict on the malicious prosecution count was proper, the defamation count was properly placed before the jury.

Affirmed and remanded for remittitur in accordance with this opinion.