### SCHNEIDER *v.* BRIGGS MANFG. CO.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—DIRECTED VERDICT.
   In action for malicious prosecution, where facts relative to probable cause are undisputed, question of probable cause is one of law.

2. SAME—BURDEN OF PROOF.
   In action for malicious prosecution, burden is on plaintiff to show want of probable cause.

3. SAME—JUDGMENT NON OBSTANTE VEREDICTO.
   Where, in action for malicious prosecution, plaintiff failed to meet burden of proof to show want of probable cause, trial court properly directed judgment *non obstante veredicto* for defendants.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 22, 1932. (Docket No. 170, Calendar No. 35,158.) Decided September 16, 1932.

Case by Joseph Schneider against Briggs Manufacturing Company and another for alleged malicious prosecution. Judgment *non obstante veredicto* for defendants. Plaintiff appeals. Affirmed.

*Clarence G. Hill (Welsh, Bebout, Hill & Lee,* of counsel); for plaintiff.

*Connolly & Henderson (Beaumont, Smith & Harris* and *Percy J. Donovan,* of counsel), for defendants.

WIEST, J. This is an action to recover damages for two alleged malicious prosecutions. Upon trial by jury plaintiff had verdict, but, notwithstanding, the court entered judgments for defendants.

Upon complaint, signed by defendant Carter, who was superintendent for defendant company, plaintiff was arrested for receiving a stolen bolt cutter, valued at $8, and was acquitted. By subsequent complaint, also signed by Carter, he was arrested for receiving other property stolen from the defendant company, and was acquitted. Plaintiff operated a repair garage near the plant of the Briggs Company. He had formerly been an employee of the Briggs Company, and was aware of the fact that the tools of that company carried identification marks.

The trial judge held that plaintiff failed to establish want of probable cause. The undisputed testimony shows that defendant Carter had probable cause for making the complaints, and laid fully and fairly the information he had before the prosecuting attorney who authorized the warrants to issue. A brief recital will suffice.

Carter was personally informed, by one having had view thereof, that tools of the Briggs Company were in plaintiff's repair shop. He reported the information to the police for investigation. The police visited plaintiff's shop and carried certain suspected tools to Carter's office, where a company employee identified them by marks or recorded numbers. The

party who took the bolt cutter to plaintiff's shop informed Carter that he surreptitiously removed it from the Briggs Company's plant, and another person informed Carter that plaintiff said to him it would never do to leave the identification marks on the cutter, and, in his presence, took the tool and ground off the marks. An employee of the Briggs Company informed Carter that he stole an electric drill from the factory and traded it to plaintiff for an old automobile, and later, when he warned plaintiff not to leave it in sight, plaintiff said that he had removed the marks and was going to paint it over so it would never be recognized. This information and more was laid before the prosecuting attorney by Carter before warrants were authorized.

The question is not whether the information upon which Carter acted was true, but whether Carter was so informed, and, relying thereon, in good faith and exercising reasonable prudence, made the complaints. That Carter was so informed is uncontradicted.

When the facts relative to probable cause are undisputed, the question of probable cause is one of law. The burden was on plaintiff to show want of probable cause, and this was not met by testimony that Carter was misinformed. Defendants proved ample probable cause, and all other questions are of no moment.

The judgment is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, J., did not sit.