HARRIS v. FEDERAL ASPHALT PRODUCTS, INC.

1. MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE—MALICE—INFERENCES.

It is essential to the establishment of an action for malicious prosecution that plaintiff herein show the fact of the alleged prosecution, that it has come to a legal termination in his favor, that defendant had no probable cause for instituting the prosecution, and that he acted from malicious motives; and while malice may be inferred from a want of probable cause, want of probable cause may not be inferred from malice.

2. SAME—PLEADING—SUMMARY JUDGMENT.

Complaint in action for malicious prosecution which alleged termination of prosecution in favor of plaintiff herein but merely

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Malicious Prosecution §§ 46, 47.
[2] 34 Am Jur, Malicious Prosecution §§ 111–116, 158.

alleged that the prior action had been brought without probable cause and with malice without factual allegations supporting them was insufficient, and warranted the grant of motion for summary judgment (GCR 1963, 111.1[1], 117.2[1]).

Appeal from Wayne; Piggins (Edward S.), J. Submitted Division 1 May 14, 1965, at Detroit. (Docket No. 273.)   Decided July 19, 1965.

Complaint by Virgil L. Harris, individually and doing business as Wolverine Building and Investment Company, against Federal Asphalt Products, Incorporated, a Michigan corporation, for malicious prosecution.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*Abel J. Selburn* and *Frederick M. Goldsmith,* for plaintiff.

*Grossman & Grossman* (*George Stone,* of counsel), for defendant.

PER CURIAM.   Plaintiff filed complaint for malicious prosecution.   Defendant moved to dismiss because the complaint failed to state a cause of action. Plaintiff was granted time to file an amended complaint.   This was done and the motion was renewed as a motion for summary judgment, pursuant to GCR 1963, 117.2(1).   This motion was granted. Plaintiff moved for rehearing; it was denied and plaintiff appeals from this denial.

The Supreme Court has stated clearly the essential elements of this type of action:

"In actions for malicious prosecution, three propositions must be established:   (1) The fact of the alleged prosecution and that it has come to a legal termination in plaintiff's favor; (2) that the defend-

ant had no probable cause; (3) that he acted from malicious motives. *Thomas* v. *Bush*, 200 Mich 224. It is a recognized rule that malice may be inferred from want of probable cause, but this is not a rule that works both ways. Want of probable cause may not be inferred from malice." *Weiden* v. *Weiden* (1929), 246 Mich 347, 352; *Drobczyk* v. *Great Lakes Steel Corp.* (1962), 367 Mich 318, 323.

Paragraph 16 of the amended complaint satisfies the first element mentioned in the above quotation, but nowhere in the amended complaint is there a showing that defendant had no probable cause for bringing its prior action against plaintiff, nor is there any showing of malice. Paragraphs 11, 15, and 17 of the amended complaint allege the prior action was brought without probable cause and with malice, but without factual allegations to support them, these are conclusions and are insufficient. GCR 1963, 111.1(1).

The trial court is affirmed, with costs to appellee.

QUINN, P. J., and FITZGERALD and T. G. KAVANAGH, JJ., concurred.