## SOTTILE *v.* DeNIKE

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.

Probable cause evidenced by a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious or prudent man in the belief that the party charged is guilty of the offense will preclude a recovery for malicious prosecution.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—FULL STATEMENT—ADVICE OF PROSECUTOR.

Proof that facts which were relied upon and believed were fully and fairly stated to the prosecuting officer and that action was taken upon the prosecutor's advice is sufficient to establish a finding of probable cause, thus barring recovery for malicious prosecution.

3. MALICIOUS PROSECUTION—MALICE.

To sustain an action for malicious prosecution, it must be shown that defendant acted maliciously, which requires that the proceedings be willful, wanton, or reckless, or against the accuser's sense of duty; and they must be for ends which he must know are wrong and against public policy.

4. MALICIOUS PROSECUTION—PLEADING—PROOF—CONCLUSIONS.

When the elements of malicious prosecution are alleged in the complaint, but there is no factual proof to support them, they are in themselves insufficient as they amount to mere conclusions.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Malicious Prosecution § 47.
[2] 34 Am Jur, Malicious Prosecution § 72.
[3] 34 Am Jur, Malicious Prosecution §§ 44, 45.
[4] 41 Am Jur, Pleading § 16 *et seq.*
[5, 6] 34 Am Jur, Malicious Prosecution § 161.
[6] Malicious prosecution predicated upon prosecution, institution, or instigation of administrative proceeding.   143 ALR 157.

5. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF LAW.
    The existence of probable cause for prosecution is a question of law for the court in an action for malicious prosecution when there is no dispute as to the facts available upon which the defendant relied when he signed the complaint.

6. MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE—SUMMARY JUDGMENT.
    Summary judgment for defendant in action for malicious prosecution was proper where plaintiff was charged by defendant airport manager with a violation of an aeronautics commission rule on the very day that the rule was cancelled, and where plaintiff did not plead or prove sufficiently that defendant actually knew that the rule had been cancelled or that the information was easily available, but the evidence tended to establish that defendant did not know of the rule change and acted on the assumption that plaintiff had violated the rule as he knew it.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 October 9, 1969, at Lansing. (Docket No. 6,509.)  Decided December 4, 1969.

Complaint by Joseph Sottile against Eugena DeNike and the City of Monroe, a Michigan municipal corporation, for malicious prosecution.  Summary judgment for defendants.  Plaintiff appeals.  Affirmed.

*Thomas W. Pruden,* for plaintiff.

*Thomas D. Ready,* City Attorney, for defendant City of Monroe.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J.  Plaintiff, Joseph Sottile, brought an action for malicious prosecution against defendant Eugena DeNike as airport manager and the City

of Monroe as airport owner. Plaintiff Sottile, in a separate action, was arraigned and pled not guilty to charges of violation of a Michigan Aeronautics Commission rule: specifically, "running an aircraft engine without an operator at the controls." The alleged violation took place on November 26, 1967, on the same date that a rule change was made by the commission, canceling the regulation. Defendant airport manager, upon discovery of the running engine, believed this was dangerous and in violation of aeronautics rules. He notified the Michigan State Police. They questioned plaintiff, who stated that he was unaware of any violation. Thereafter, the county prosecutor reviewed the state police report, researched the law and, having no information concerning the change in regulations, issued a warrant signed by defendant manager, for the arrest of plaintiff. Subsequently, the prosecutor learned of the date and change of the regulation and the charges against plaintiff were dismissed. Plaintiff contends that defendants maliciously swore out a criminal complaint, stating falsely that plaintiff violated a non-existent regulation of the aeronautics commission, for vexation, trouble, and without probable cause; MCLA § 600.2907 (Stat Ann 1962 Rev § 27A.2907). Plaintiff seeks damages for defense expenditures and damages to his reputation. From a summary judgment for defendants in circuit court, plaintiff appeals.

On appeal plaintiff raises two issues:

Did defendant airport manager, in good faith, fully and fairly state all of the material facts within his knowledge to the prosecuting attorney?

Was the summary judgment the proper disposition?

Plaintiff contends that defendant attended an aeronautics commission meeting one month before

defendant's arrest. Therefore, he knew or could easily have ascertained that the regulation had been changed, and, for these reasons, failed to make a full and fair disclosure of all material facts to the prosecutor.

A review of the record on appeal indicates that these are allegations without proof. Nowhere, by pleadings or otherwise, does plaintiff prove sufficiently that defendant actually knew or that information regarding the rule change was easily obtainable. No comment or proof is submitted concerning what changes, if any, were discussed at the aeronautics commission meeting. Evidence and facts, on the other hand, tend to establish that defendant did not know of the rule change and acted under the assumption that the running, unguarded engine was dangerous and against the rules, as he knew them. Under these circumstances, he acted as a reasonably prudent man in causing the arrest.

The lower court found that the new regulations were not published or available at the time of the authorization of the warrant, and that it was "abundantly clear and uncontroverted" that the prosecutor had probable cause. We agree.

Probable cause which will preclude a recovery for malicious prosecution is evidenced by a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious or prudent man in the belief that the party charged is guilty of the offense. *Merriam v. Continental Motors Corporation* (1954), 339 Mich 546; 34 Am Jur, Malicious Prosecution, § 47, p 731.

When facts, which are relied upon and believed, have been fully and fairly stated to the prosecuting officer and action is then taken upon the prosecutor's advice, proof of such action is sufficient to establish a finding of probable cause, thus barring recovery

by the plaintiff. *Kompass* v. *Light* (1899), 122 Mich 86; *Leeseberg* v. *Builders Plumbing Supply Company* (1967), 6 Mich App 321, 329; *Gooch* v. *Wachowiak* (1958), 352 Mich 347.

Plaintiff submits no substantial proof that defendant acted from malicious motives. There is upon the record no proof of bad blood, ill will or retribution. To sustain an action for malicious prosecution, *it must be shown* that defendant acted maliciously. Malice requires that the proceedings be willful, wanton, or reckless, or against the accuser's sense of duty; furthermore, they must be for ends which he must know are wrong and against public policy. Both elements, malice and want of probable cause, must be present to sustain the action. When these elements are alleged in the complaint, but there is no factual proof to support them, they are in themselves insufficient as they amount to mere conclusions. GCR 1963, 111.1(1); *Harris* v. *Federal Asphalt Products, Inc.* (1965), 1 Mich App 318, 320. Where a plaintiff failed to meet the burden of proof to show want of probable cause, the trial court properly directed judgment *non obstante veredicto* for defendant. *Schneider* v. *Briggs Manfg. Co.* (1932), 260 Mich 51. In an action for malicious prosecution, when there is no dispute as to the facts available to the defendant upon which he relied when he signed the complaint, the want of probable cause on his part is a question of law for the court. *Merriam* v. *Continental Motors Corporation* and *Gooch* v. *Wachowiak, supra; Obeginski* v. *James* (1966), 4 Mich App 90, 92.

The record in this case supports the conclusion of the trial court that there was an absence of actionable malice on the part of the defendant, and that he had probable cause to institute arrest proceedings. Plaintiff's failure to prove these elements by

evidence and factual proofs leaves no dispute as to the facts. The case was correctly decided summarily and as a matter of law by the lower court. Other grounds set forth as a defense need not be decided.

Affirmed.

All concurred.